UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. LEWANDOWSKI,             )<br>    Plaintiff,             )<br>vs.             )<br>            )<br>STATE OF ILLINOIS, Departments of             )<br>Central Management Services, Transportation,             )<br>Human Services and Employment Security; and             )<br>JOHN FORTMANN, Individually and in his former )<br>Official Capacity as Illinois Dept. Of Transportation )<br>Deputy Director of Highways, Region I Engineer;             )<br>and ANTHONY QUIGLEY, Individually and in his )<br>Capacity as Illinois Dept. Of Transportation             )<br>Deputy Director of Highways, Region I Engineer;             )<br>    Defendants.             ) | No. 18 - cv - 4197<br><br>Judge _____<br><br>Magistrate Judge _____<br><br><br><br><br><br><br><br>**Jury Demanded** |

## COMPLAINT

Plaintiff FREDERICK J. LEWANDOWSKI by and through his legal counsel, Atty. Edward A. Voci, complains against the Defendants as follows:

### Jurisdiction and Venue

1. This Complaint arises under the Federal Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 - 219 and, in particular, §206 for failure to pay Plaintiff LEWANDOWSKI, a Highway Maintainer, any wages from November 12, 2015 through and including February 18, 2017 and when said wages were required by contact to be paid at the latest on February 18, 2017.

2. Jurisdiction is conferred upon this Court over all parties and the subject matter of this action pursuant to 28 USC §1331, 29 USC §216(b) and 745 ILCS 5/1.5(b).

3. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 USC 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's

claims occurred within the boundaries of this District and because Defendants conduct transportation services within the boundaries of this District.

## Party Plaintiff and Defendants

4. Plaintiff FREDERICK J. LEWANDOWSKI at all times relevant to this Complaint was and is an employee of Defendant STATE OF ILLINOIS under the supervision and control of Defendants JOHN FORTMANN and, his successor, ANTHONY QUIGLEY, within the meaning of 29 USC §203(e)(2)(C). Plaintiff is a resident of this District.

5. Defendant STATE OF ILLINOIS at all times relevant to this Complaint is a "State" within the meaning of 29 USC §203(c) and an employer within the meaning of 29 USC §203(d) and acts as an employer through its Departments of Central Management Services, Transportation, Human Services and Employment Security.

6. Defendant JOHN FORTMANN at the times relevant to the suspension of Plaintiff's employment acted in the interest of Defendant STATE OF ILLINOIS serving as its Deputy Director of Highways Region I Engineer and was an employer within the meaning of 29 USC §203(d).

7. Defendant ANTHONY QUIGLEY at the times relevant following the suspension of Plaintiff's employment acted and currently acts in the interest of Defendant STATE OF ILLINOIS serving as its Deputy Director of Highways Region I Engineer and is an employer within the meaning of 29 USC §203(d).

## Facts

8. Defendant STATE OF ILLINOIS at all times relevant to this Complaint employed Plaintiff as a Highway Maintainer.

9. On or about November 12, 2015 Defendants STATE OF ILLINOIS and FORTMANN suspended Plaintiff from his employment.

10. Defendants suspended Plaintiff pursuant to STATE OF ILLINOIS' "Personnel Policies Manual" that gave Defendants the option to take no disciplinary action, to commence disciplinary proceedings or to suspend Plaintiff if Plaintiff were accused of crime if "the nature of the charges raises reasonable doubt concerning the employee's suitability for continued employment."

11. On or about February 17, 2017 the State's Attorney for Cook County, Illinois dismissed a disorderly conduct charge against Plaintiff through a motion *nolle prosequi* on February because, upon information and belief, the initial charge against Plaintiff was based on specious allegations and controverted by video tape recordings which indicated that Plaintiff could not have committed any offense at the time and place contained in the charge.

12. The charge against Plaintiff was couched initially under 720 ILCS 5/11-9.1-(a)(2) (Class A misdemeanor exposure of sex organs for the purpose of sexual arousal) and ultimately down-graded to 720 ILCS 5/26-1(a)(1) (Class C misdemeanor disorderly conduct) because, on information and belief, the complaining witness allegations were specious and video tape recordings indicated Plaintiff could not have committed any offense.

13. The charge against Plaintiff did not raise reasonable doubt concerning Plaintiff's suitability for continued employment because of the speciousness of the allegations and the exculpatory video evidence or, in the alternative, if such doubt was properly raised Plaintiff was entitled to be paid on February 18, 2017 the full compensation provided by Defendant's policies.

14. Defendant STATE OF ILLINOIS' "Personnel Policies Manual" provided that reinstated employees such as Plaintiff shall received full compensation for the time suspended including over-time and vacation time.

15. On or about February 18, 2017 Defendants STATE OF ILLINOIS and FORTMANN, or alternatively Defendant QUIGLEY, reinstated Plaintiff, but failed on said date to pay Plaintiff his wages, over-time wages and vacation time for the suspension period and thereafter STATE OF ILLINOIS and Defendant QUIGLEY failed and continue failing to pay Plaintiff his wages, over-time wages and vacation time for the suspension period.

### First Claim

16. - 30. Plaintiff re-alleges Paragraphs One (1) through Fifteen (15) as if fully set forth in this First Claim as Paragraphs 15 through 28.

31. Defendants' acts an omissions violate 29 USC §206.

32. Plaintiff seeks damages pursuant to 29 USC §216(b) in the amount of his full unpaid compensation, liquidated double damages, pre-judgment interest, attorney fees and costs.

### Second Claim

33. - 48. Plaintiff re-alleges Paragraphs One (1) through Fifteen (15) as if fully set forth in this Second Claim as Paragraphs 31 through 45.

49. Defendants acts an omissions were willful and intentional or, alternatively, reckless and indifferent to Plaintiff's rights under the Fair Labor Standards Act and Defendant STATE OF ILLINOIS' employment policies.

50. Plaintiff seeks damages pursuant to 29 USC §216(b) in the amount of his full unpaid compensation, liquidated double damages, pre-judgment interest, attorney fees and costs.

**Relief**

Plaintiff requests trial by jury on fact issues and the above requested compensatory damages; a finding by the Court as to liquidated damages, attorney fees, pre-judgment interest and costs; and judgment for Plaintiff and against the Defendants on the foregoing findings.

/s/ *Edward A. Voci*
Atty. Edward A. Voci
ARDC 2905922
624 Lathrop Avenue
River Forest IL 60305
tel. 708-256-8624
COUNSEL FOR PLAINTIFF FREDERICK J. LEWANDOWSKI